UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES EDWARD GORGOL, | Case No. 17-CV-0040 (DWF/TNL) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Respondent. | |

Petitioner Charles Edward Gorgol was convicted in Minnesota state court on charges of felony driving while impaired and for having an alcohol concentration of at least .08 within two hours of operating a motor vehicle. *See State v. Gorgol*, No. A14-0874, 2015 WL 4527507, at *1 (Minn. Ct. App. July 13, 2015). Gorgol raised several claims of constitutional error on direct appeal, but in his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, Gorgol brings a single claim — a claim that has not been presented to the state courts. According to Gorgol, one of the judges who sat on the panel of the Minnesota Court of Appeals that affirmed his conviction had, years prior, presided over a *different* trial in which Gorgol had been convicted of driving while impaired. That judge's knowledge of the earlier proceedings, suggests the habeas petition, deprived Gorgol of his federally guaranteed right to due process.

This Court has conducted a preliminary review of Gorgol's habeas corpus petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court concludes that Gorgol has failed to exhaust state remedies; that Gorgol's petition is untimely; and that Gorgol's claim is not substantively viable. Accordingly,

it is hereby recommended that the habeas corpus petition be summarily denied and this action dismissed.

Generally, a federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. *See* 28 U.S.C. § 2254(b) and (c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). This requirement is explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999).

By his own admission, Gorgol has not presented his claim to the Minnesota courts because, Gorgol alleges, he was not aware of the judge's involvement in the case until after his

direct appeal had concluded.  *See* Petition at 6 [ECF No. 1].  A failure to exhaust state remedies may be excused where a petitioner can demonstrate cause for the failure and prejudice resulting from the failure.  *See Beaulieu v. Minnesota*, 583 F.3d 570, 576 (8th Cir. 2009).  Gorgol cannot demonstrate either cause or prejudice.  First, even if Gorgol is correct that he could not raise the claim on direct appeal (either because he was then unaware of the claim, or because the Minnesota Supreme Court would have been unwilling to consider the claim on direct review), Gorgol could have filed a petition for post-conviction review raising the claim under Minn. Stat. § 590.01.  Gorgol offers no explanation for his failure to invoke this procedure and thereby present his claim to the Minnesota state courts in the first instance.  Second, as explained below, Gorgol cannot demonstrate prejudice resulting from his failure to exhaust, as his claim is not viable as a matter of federal law in any event.

      Gorgol's petition is also untimely, although barely so.  Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three of those provisions are inapplicable to this case, as (1) there was never any impediment to Gorgol filing a federal habeas petition previously; (2) Gorgol is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) to the extent that Gorgol's claim is predicated on a newly discovered factual predicate — the involvement of the appellate judge who presided over the earlier trial — that predicate could have been discovered through the exercise of due diligence before Gorgol's direct appeal had concluded and criminal judgment had become final.

Thus, Gorgol had one year from "the date on which the judgment became final by the conclusion of direct review" in which to file his federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The Minnesota Supreme Court denied Gorgol's petition for review on direct appeal on September 29, 2015. "It is settled that 'the conclusion of direct review' includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari." *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Accordingly, Gorgol had until December 28, 2015 in which to file a petition for a writ of certiorari. His failure to do so means that the time for seeking direct review from the United States Supreme Court expired on that date, and, under § 2244(d)(1), the judgment of conviction became final on that date. Gorgol then had one year in which to submit his federal habeas corpus petition — in other words, the petition could be filed by no later than December 28, 2016. Gorgol filed his habeas petition by placing it in the prison mail system on January 1, 2017. *See* Petition at 15; Rule 3(d), Rules

Governing Section 2254 Proceedings. Gorgol was late by only a few days, but he was nevertheless late.[1]

The procedural barriers to Gorgol's petition are enough to defeat his attempts to procure federal habeas relief, but even if those procedural barriers could be overcome, dismissal of the petition would still be appropriate. Under 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Never has the Supreme Court clearly established that a judge who presided over a criminal defendant's earlier trial may not participate in a wholly unrelated appeal. To the contrary, judges are generally permitted to participate in proceedings despite previous engagements with a defendant, unless there is some *other* basis for recusal. *See, e.g.*, *United States v. Hill*, 442 Fed. App'x 811, 813 (4th Cir. 2011) (finding that district judge did not err by failing to recuse from criminal proceedings where the judge had presided over an earlier civil

---

[1] Gorgol offers by way of explanation that he was "not aware of [the] statute of limitations." Petition at 13. This is an insufficient basis for equitably tolling the statutory limitations period. *See Propotnik v. Minn. Dep't of Corrections*, No. 14-CV-3799 (PJS/JJK), 2015 WL 321548, at *6 (D. Minn. Jan. 26, 2015) (citing *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003)).

trial involving conduct relevant to the criminal prosecution); *United States v. Marrero*, 219 Fed. App'x 892, 895 (11th Cir. 2007) ("The fact that the district judge presided over Marrero's earlier proceeding is an insufficient ground to require her to recuse herself from a later jury trial."); *United Union of Roofers, Waterproofers and Allied Workers, Union No. 33 v. Meese*, 823 F.2d 652, 659 (1st Cir. 1987) ("It is well established, however, that participation in prior proceedings involving the same or similar facts or parties does not in itself constitute grounds for disqualification."); *Mitchell v. Fiore*, 470 F.2d 1149, 1153 (3d Cir. 1972) (finding that it was proper that a district judge try "contempt charges despite his having presided over defendant's three earlier trials."). The mere fact of the appellate judge's involvement in other proceedings involving Gorgol is not grounds for vacating Gorgol's conviction. Further, there is no claim that the appellate judge who presided over his previous, unrelated criminal trial was animated by bias or otherwise tainted by the earlier action. Accordingly, Gorgol's claim is inadequate on the merits.

For the above reasons, it is hereby recommended that Gorgol's petition for a writ of habeas corpus be summarily denied and that this action be dismissed.

Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly

unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Gorgol's current habeas corpus petition differently than it is being treated here. Gorgol has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Gorgol should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Charles Edward Gorgol [ECF No. 1] be SUMMARILY DENIED.

2. This action be DISMISSED.

3. No certificate of appealability be issued.

Dated: February 14, 2017         *s/Tony N. Leung*
                                 Tony N. Leung
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.